**Opinion filed March 9, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-20-00209-CV
_____

## IN THE INTEREST OF J.P., J.S.P., AND A.P., CHILDREN

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 7971-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of J.P., J.S.P., and A.P. after previously having entered an order denying a petition to terminate the parents' parental rights. Both parents filed a notice of appeal. We affirm the order of termination.

### *Mother's Appeal*

The mother's court-appointed counsel has filed a brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a

professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978).

Counsel provided the mother with a copy of the brief and an explanatory letter. Counsel informed the mother of her right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided the mother with a copy of the clerk's record and the reporter's record. Counsel also notified the mother of her right to pursue a petition for review in the Texas Supreme Court. We conclude that the mother's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*. We note that the mother has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record in this cause, and we agree that the mother's appeal is without merit.

Although the mother's court-appointed counsel did not file a motion to withdraw in conjunction with the *Anders* brief, he requests that this court grant him leave to file a motion to withdraw. The Texas Supreme Court has held, however, that an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27–28. In light of *P.M.*, we deny counsel's request for leave to file a motion to withdraw in this court.

*Father's Appeal*

In a single issue on appeal, the father challenges the legal and factual sufficiency of the evidence to support the trial court's findings in support of the termination of his parental rights. Termination of parental rights must be supported

by clear and convincing evidence. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2020). To determine on appeal if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b).

In this case, the trial court found that the father had committed two of the acts listed in Section 161.001(b)(1)—those found in subsections (E) and (N). Specifically, the trial court found that the father had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being and that the father had constructively abandoned the children. The trial court also found, pursuant to Section 161.001(b)(2), that termination of the father's parental rights would be in the best interest of the children. The trial court found further, pursuant to Section 161.004, that there had been a material and substantial change in the circumstances of the children and the parents since the trial court's denial of a prior petition to terminate. *See id.* § 161.004(a) (West 2014).

Section 161.004(a) provides that, after the rendition of an order that previously denied termination of the parent–child relationship, a trial court may terminate the parent–child relationship if (1) a subsequent petition seeking to terminate parental rights was filed after the date that the order denying the

3

termination was rendered; (2) the circumstances of the child, parent, conservator, or other party affected by the order denying termination have materially and substantially changed "since the date that the order was rendered"; (3) the parent committed an act listed in Section 161.001 "before the date the order denying termination was rendered"; and (4) termination of the parent–child relationship is in the best interest of the child. *Id.* § 161.004(a). At a hearing under Section 161.004, the trial court may consider evidence presented at a previous hearing on termination. *Id.* § 161.004(b).

When the Department seeks termination after a trial court's prior denial of termination, the Department is not limited to proceeding under Section 161.004. In such a situation, the trial court may terminate parental rights (1) under Section 161.001, which requires clear and convincing evidence of acts or omissions having occurred since the denial, or (2) under Section 161.004, which requires clear and convincing evidence of an act or omission under Section 161.001 that occurred before the denial and evidence of a material and substantial change since the denial. *In re A.L.H.*, 515 S.W.3d 60, 89 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *In re K.G.*, 350 S.W.3d 338, 352 (Tex. App.—Fort Worth 2011, pet. denied). Here, the Department sought termination under both sections.

In his sole issue on appeal, the father challenges the sufficiency of the evidence to support the termination of his parental rights under Section 161.004. The father does not challenge the sufficiency of the evidence with respect to the trial court's finding that the circumstances of the parents and the children had materially and substantially changed. *See* FAM. § 161.004(a)(2). Rather, the father asserts that, because the trial court had denied the Department's prior petition based upon the trial court's finding that the Department had failed to meet its burden of proof in the previous trial, the trial court could not later consider—as evidence to support the Department's subsequent request for termination—any conduct committed by the

father prior to the date of the previous order denying termination. *See id.* § 161.004(a)(3). Our review of the record reveals that the conduct that would support a finding as to the father under Section 161.001(b)(1)(E) occurred prior to the trial court's previous order denying termination. The father asserts that, because the trial court could not consider conduct committed by the father prior to the trial court's order denying termination, the evidence was insufficient to support the trial court's findings under Section 161.001(b)(1)(E) and (N). We disagree with the premise underlying the father's contention.

The father is correct in stating that the trial court denied the Department's previous petition to terminate the father's parental rights and that, at least with respect to J.P. and J.S.P., the basis of that denial was the trial court's determination that the Department had failed to meet its burden of proof. The father is not correct, however, in assuming that the trial court found that the Department had failed to meet its burden of proof with respect to the father's conduct: i.e., Section 161.001(b)(1). Nothing in the record supports such an assumption. The trial court's denial may well have been based upon the Department's failure to meet its burden of proof with respect to the best interests of the children: i.e., Section 161.001(b)(2).

Moreover, Section 161.004(b) specifically provides that a trial court may consider evidence presented at a previous hearing. The language of Section 161.004(b) has been interpreted to bar a res judicata complaint about the relitigation of issues previously tried in a parental termination case. *See K.G.*, 350 S.W.3d at 346, 349. Thus, it was proper for the trial court to consider conduct committed by the father prior to the trial court's previous denial of the petition to terminate.

We must next consider whether the evidence was sufficient to support the trial court's finding under Section 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230,

5

234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds). Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Drug use may constitute evidence of endangerment. *Id.* A parent's drug addiction and its effect on the parent's life and ability to parent a child may establish an endangering course of conduct. *In re J.T.G.*, 121 S.W.3d 117, 125–26 (Tex. App.—Fort Worth 2003, no pet.) (citing *Dupree v. Tex. Dep't of Protective & Regulatory Servs.*, 907 S.W.2d 81, 84 (Tex. App.—Dallas 1995, no writ)). Further, domestic violence may also constitute evidence of endangerment. *C.J.O.*, 325 S.W.3d at 265.

The record shows that J.P., J.S.P., and A.P. had been removed from the care of their parents in January 2015. At the time of removal, the Department had received two separate intakes involving the family. The intakes related to the use of drugs by the parents, the living conditions to which the children were exposed, neglectful supervision of the children, physical abuse, and domestic violence. When J.P. and J.S.P. were finally located, they were in a motel room with two other children and four adults, including adults with an extensive criminal history. The parents were not present in the room at that time and had left J.P. and J.S.P. with inappropriate

caregivers. The room had been "trashed," and the motel staff reported that they had heard "screaming, yelling, and things of that nature" coming from the room. The manager reported having seen the father with bruises and blood on his face multiple times. The record reflects that the father has an extensive criminal history, that domestic violence occurred in the presence of the children, and that drug use occurred in the presence of the children.

The children were removed from the parents, and the Department subsequently filed a petition to terminate the parents' parental rights as to J.P. and J.S.P. The Department filed another petition to terminate, with respect to A.P., after she was born. The two causes were subsequently consolidated.

Although the father seemed to be concerned about his children and their best interest while the proceedings were pending below, he has not seen his children in years. Other than a few phone calls early in the case, the father did not call or visit the children while this case was pending—not even when he was out of jail—and he did not answer his phone when the foster parents called him for the scheduled phone visitation that had been ordered by the trial court.

The Department's goal for the children was termination of the parents' rights and adoption by the foster parents with whom the children had been placed for approximately five years. By all accounts, the children had bonded with the foster parents, were happy with them, and had a wonderful relationship with them. The eldest child, J.P., was adamant that he did not want to be returned to the parents and that he wanted to be adopted by the foster parents. The foster mother testified that she and her husband intended to adopt all three children if they became available for adoption.

Here, based upon evidence of domestic violence committed by the father against the mother while the children were in their care, the father's extensive criminal history, and the use of drugs in the children's presence, the trial court could

have reasonably found by clear and convincing evidence that the father had engaged in a course of conduct that endangered his children or that he had knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being. Therefore, we hold that the evidence is legally and factually sufficient to uphold the trial court's finding as to the father under subsection (E).

The record contains clear and convincing evidence to support the trial court's findings under Section 161.001(b)(1)(E) and Section 161.004. The evidence was uncontroverted that, prior to the previous order denying termination, the father had engaged in conduct that endangered his children's physical or emotional well-being. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsection (E), we need not address the father's contention regarding the sufficiency of the evidence under subsection (N). *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1. Accordingly, we overrule the father's sole issue.

*This Court's Ruling*

We affirm the trial court's order of termination.


W. BRUCE WILLIAMS
JUSTICE


March 9, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.